## Case No. 6,315.

HEBBARD v. BANK OF UNITED STATES et al.

[See Case No. 6,815.]

———

HECKER (FOWLER v.).　See Case No. 5,001.

HECKER (RUMFORD CHEMICAL WORKS v.).　See Cases Nos. 12,131–12,134.

———

## Case No. 6,316.

HECKSCHER v. BINNEY.

[3 Woodb. & M. 333.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

JURISDICTION — DECLARATION IN ASSUMPSIT — PROMISSORY NOTE—PAROL EVIDENCE—RECOVERY ON MONEY COUNTS.

1. Where a company to dig and sell coal was incorporated in the state of Pennsylvania, and sold coal in Massachusetts by its agents, Thwing & Co., to the defendant, a citizen of this state, and Thwing & Co. took a promissory note for the price, running to them "as agents" for the company, or order, and then indorsed it to the plaintiff, a citizen of New York and president of the company, the case, on the face of the record, having money counts, as well us a special count on the note, gives jurisdiction to this court. This collateral parol evidence of the above facts, in addition to the note, is competent, as it does not contradict, but merely explains the note and the transaction, and in any view it is competent under the money counts.

2. The corporation having been chartered in another state, and all its members residing out of this state, could recover here on the money counts, or on the note as it stood before indorsed, and hence they can probably recover on those counts for the original consideration in the name of the plaintiff, if an amendment was made adding that he sues in their behalf, and as their president.

3. But such a recovery could not be had on the special count on the note, by him as indorsee, without averring in the declaration, also, that the note was payable to the Thwings, as their agents, and that they could have sued in this count without any assignment of the note.

4. Again, there seems to be no valid objection to a recovery by the plaintiff in this case, on the money counts, as the declaration now stands without amendment, the note being proof of money had in favor of an indorsee, as well as payee, and this court having had jurisdiction over it originally, as payable to the agents of the coal company, and hence recoverable in their names in this court without an assignment, they belonging to another state.

[Cited in Lee v. Luther, Case No. 8,196; Milledollar v. Bell, Id. 9,549.]

This was an action of assumpsit in several counts, describing the plaintiff as a citizen of New York, and the defendant as a citizen of Massachusetts. One was a special count in the usual form, as indorsee of a promissory note given to Thwing & Co., or order, and by them indorsed to him, without any averments as to their residence. The other counts were for money had and received,

———

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

goods sold, &c. A note was offered in evidence, a copy of which is annexed, accompanied by a statement of facts to be considered, if they are competent evidence.

(Copy of Note.)

Boston, September 18, 1846. Value received, I promise to pay Messrs. S. C. Thwing & Co., agents For. Impt. Co., or order, seven hundred fifty-eight 67-100 dollars in four months.

$758.67.　　　　　　C. J. F. Binney.

(Indorsed.)

Pay to Charles A. Heckscher, Esq., president Forest Improvement Company.

S. C. Thwing & Co., Agents in Boston.

District Massachusetts. U. S. Circuit Court, May Term, 1847. Charles A. Heckscher v. Charles J. F. Binney. Facts Agreed: The plaintiff is a citizen of the state of New York. Defendant is a citizen of Massachusetts. Messrs. S. C. Thwing & Co. are citizens of Massachusetts, and are the agents of the Forest Improvement Company, a corporation established by the legislature of Pennsylvania, for selling their coal in Boston. The plaintiff is the president of the company, and some of the stockholders of the corporation are citizens of Massachusetts. The note was given for coal belonging to the corporation, and for sole account and risk of the corporation. Notes are taken in New York, payable to the plaintiff as president, and in Boston to S. C. Thwing & Co. as agents, and are collected here or transmitted to the president in New York. Thwing & Co. never had any interest in the note declared on. This note was duly indorsed and laid over at bank in Boston, and was put in suit in pursuance of general instructions of the plaintiff. S. C. Thwing.

Suffolk, ss., June 19, 1847.

Sworn to before me.

(Indorsed.)

Facts agreed. (If the facts are competent testimony by parol evidence.)

D. A. Simmons, for plaintiff.
William Brigham, for defendant.

WOODBURY, Circuit Justice. As this case is submitted without argument, I am left to conjecture what are the real questions in issue between the parties, unless it be the competency of the testimony proposed to be given by parol. Whether all these facts are admissible evidence or not, under the special count on the note, may be a matter for argument, but that they are competent under the other counts, is undoubted. They show a delivery of property belonging to the corporation, of which the plaintiff is president, the receipt of it by the defendant, and his promise, as well as duty, to pay for the same. The note, also, is admissible evidence under the money counts, no less than under the special count, and shows the right of the cor-